■ In the Matter of CHARLES EDELSTEIN, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, Respondent.—Proceeding initiated in this court, pursuant to subdivision 4 of section 6510 of the Education Law, to annul a determination of the Board of Regents which suspended petitioner's pharmacy license and fined him $1,000. It is undisputed that the petitioner dispensed a large amount of drugs, for which a prescription would be required if sold to the public, without receiving or requiring any prescription. The petitioner admitted in the hearing proceeding that he had caused such sales to be made to doctors who came into his pharmacy and asked for drugs. He further asserted that he did so because he thought that the statutes and regulations did not require prescriptions for sales to doctors. The administrative agency has rejected the petitioner's contention that sales to physicians of the particular drugs at issue, amyl nitrate and ethyl chloride, were not subject to the requirement that a prescription be received and filed by a pharmacist pursuant to subdivision 1 of section 6810 of the Education Law, which provides: "No drug for which a prescription is required by the provisions of the Federal Food, Drug and Cosmetic Act or by the commissioner of health shall be distributed or dispensed to *any* person except upon a prescription written by a person legally authorized to issue such prescription." (Emphasis added.) The subdivision is clear and precise. A prescription is required for the sale of prescription drugs to *any* person. There are no exceptions,

nor has it been supplanted or changed by any superseding Federal law. Upon this appeal, the petitioner has failed to demonstrate that the administrative interpretation of the statutes and regulations applicable to pharmacists was without a rational basis or contrary to the intent of the Legislature. The further contentions of the petitioner have been examined and are found inadequate to warrant judicial relief. In particular, the punishment imposed was not so harsh as to demonstrate an unfairness in view of the seriousness of the offense (*Matter of Pell v Board of Educ.,* 34 NY2d 222). Determination confirmed, and petition dismissed, with costs. Greenblott, J. P., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.