■ In the Matter of ROGER PLISKIN, Petitioner, v GORDON AMBACH, as New York State Commissioner of Education, et al., Respondents. (And Another Related Proceeding.) — Proceedings pursuant to CPLR article 78 (initiated in this court pursuant to Education Law, § 6510, subd 4) to annul determinations of the Commissioner of Education which suspended the license of petitioner Roger Pliskin to practice pharmacy and suspended the certificate of registration of petitioner P & L Pharmacy Corp. to conduct a retail pharmacy. When a survey of wholesale drug companies revealed that petitioners were buying large quantities of quaalude and amyl nitrate, highly abused restricted-use drugs, the State Board of Pharmacy investigated, after which petitioners were charged with professional misconduct under subdivision 9 of section 6509 of

the Education Law. It was alleged that petitioners failed to maintain required records of the amount of quaalude dispensed and received, had dispensed amyl nitrate without prescriptions, had dispersed ionamin and quaalude not in good faith and pursuant to defective prescriptions, and had committed various other violations. A hearing panel of the State Board of Pharmacy, composed of licensed pharmacists, conducted a hearing on the allegations and found petitioners guilty of unprofessional conduct. The respondent commissioner, considering recommendations of the hearing panel and the Regents Review Committee, suspended petitioner Pliskin's license to practice pharmacy for two years, the last year to be stayed, at which time Pliskin was to be placed on one year's probation. Petitioner P & L Pharmacy Corp.'s certificate of registration was suspended for two years, with execution stayed, and it was placed on probation for one year and a $3,000 fine was assessed. In these proceedings, petitioners challenge both the findings and the penalties imposed. We see no reason to disturb either determination. The audit disclosed an overage of quaalude, which petitioners could not satisfactorily account for due to inaccurate record keeping, a violation of section 3343 of the Public Health Law. The investigation also brought to light a significant shortage of amyl nitrate concededly caused by distribution of the drug without benefit of prescriptions, in contravention of subdivision 1 of section 6810 of the Education law (see *Matter of Edelstein v Ambach,* 70 AD2d 672). Both instances are serious derelictions of petitioners' professional responsibilities. The hearing panel's other findings of fact, which include inadequate, improper and altered prescriptions, are also amply supported by the evidence in the record. And since petitioners have not satisfactorily accounted for a very large quantity of an abused prescription drug, the sanctions imposed are far from inappropriate (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Determinations confirmed, and petitions dismissed, without costs. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Herlihy, JJ., concur.